UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
FRANKLIN TECHNOLOGIES, INC.,

                Plaintiff,             <u>MEMORANDUM AND ORDER</u>

    -against-                      CV 16-1603 (LDW) (ARL)

ENCITE, INC.,

                Defendant.
---------------------------------------------------X
WEXLER, District Judge

      Plaintiff Franklin Technologies, Inc. ("Franklin") asserts various claims against defendant

Encite, Inc. ("Encite") stemming from Encite's alleged disclosure of confidential information to

All Island Dermatology and Laser Center ("All Island") and All Island's termination of a

contractual relationship with Franklin. Encite moves to dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure ("FRCP"). Franklin opposes the motion.


## I. BACKGROUND

      For purposes of this decision, the complaint can be summarized as follows. Franklin is a

New York corporation with its principal place of business in Franklin Square, New York.

Complaint ¶ 1. Encite is a North Carolina corporation with its principal place of business in

Charlotte, North Carolina. Id. ¶ 2. Encite is a developer of medical software, and Franklin is a

value-added reseller of such software. Id. ¶ 4. Pursuant to "one or more written documents . . .

and/or email communications and/or other written correspondence between Encite and

Franklin"–which Franklin refers to as the "Reseller Agreement"– it was agreed that Franklin was

permitted to resell Encite's software, with markups of 30% to 35%, as set by Encite. Id. ¶¶ 5-6.

Based on the Reseller Agreement and a "Confidentiality and Non-Disclosure Agreement" (the "NDA"), the parties agreed that the existence and amount of such markups were confidential and considered trade secrets of both parties, and were to remain confidential as to third parties. *Id.* ¶ 7.

Subject to the NDA, from approximately March 22, 2013 to April 1, 2013, Franklin disclosed to Encite that Franklin had a longstanding business relationship with All Island, one of Franklin's largest customers, with billings totaling $1,260,000 in software, hardware, and computer services during the prior 15 years. *Id.* ¶¶ 9-10. Franklin also disclosed to Encite details of ongoing negotiations with All Island, in an effort to enlist Encite's cooperation and assistance in preparing proposals and invoices pursuant to the Reseller Agreement. *Id.* ¶¶ 9, 12. Ultimately, on or about April 1, 2013, Franklin disclosed to Encite that Franklin had executed a written agreement with All Island, dated April 1, 2013, to provide various computer services, software, hardware, integration, maintenance, and repairs. *Id.* ¶¶ 11-12.

Between April 1, 2013 and April 20, 2013, Encite provided Franklin with Encite-prepared "resellers invoices," including prices, made for All Island, as well as billing "invoices" for Franklin's direct purchases of Encite's software that Franklin was to resell to All Island. *Id.* ¶¶ 14-15. One set of such invoices showed that Franklin was to receive a 35% markup on sales to All Island. *Id.* ¶ 16. Encite also provided Franklin with Encite-prepared invoices for service and maintenance that showed that Encite billed Franklin $2,000 per month for such services and that were left blank as to the amount to be charged to All Island. *Id.* ¶ 17. Encite periodically represented to Franklin that a 100% markup for such services was usual and customary practice. *Id.* ¶ 18. At Encite's request, Franklin periodically disclosed to Encite the markup and charges to

All Island for such services. *Id.* ¶¶ 19-20. These invoices and the information shared

confidentially between the parties showed that Franklin would be making a total gross profit of

approximately $90,000 per year, in addition to charging All Island separately for additional

services "not specifically mentioned in the invoices." *Id.* ¶ 22.

Beginning on or about March 1, 2015, Encite disclosed to All Island Franklin's

confidential information, documents, and invoices concerning Franklin's "mark-ups of resales"

of Encite's products and services to All Island. *Id.* ¶ 23. Franklin maintains that Encite made

these disclosures "wrongfully, willfully and maliciously" for the purpose of causing detriment to

Franklin and Franklin's relationship with All Island. *Id.* ¶ 26. Franklin further maintains that

Encite made these disclosures with an intent to deceive All Island into believing that Franklin

was acting "illegally" in making a profit on such resales and that Encite had no knowledge of the

markups. *Id.* ¶ 28. Franklin claims that these disclosures and denials resulted in All Island's

termination of its contractual relationship with Franklin. *Id.* ¶ 27.

Franklin brought this action in Supreme Court, Nassau County, asserting claims for (1)

tortious interference with contract; (2) breach of the NDA; and (3) breach of the Reseller

Agreement. *Id.* ¶¶ 24-39. Encite removed the action, and now moves to dismiss, arguing that

Franklin fails to state a claim upon which relief can be granted.


II. DISCUSSION

A. Motion to Dismiss Standard

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that to

avoid dismissal a plaintiff is required to plead enough facts "to state a claim for relief that is

plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). While heightened factual pleading is not required, *Twombly* holds that a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. On a motion to dismiss, the court must, as always, assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y. 2011). However, the court must ensure that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010). A pleading that does nothing more than recite the elements of a claim, supported by mere conclusory statements, is insufficient to "unlock the doors of discovery." *Iqbal,* 556 U.S. at 678. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Although a motion under FRCP 12(b)(6) is directed only to the sufficiency of the pleading, the court may consider written documents attached to the complaint as well as documents incorporated therein by reference and those of which plaintiff had knowledge and relied upon in commencing the action. *See Brass v. Amer. Film Techn., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993).

B. <u>Analysis of Claims</u>

    1. <u>Tortious Interference with Contract Claim</u>

To state a claim under New York law for tortious interference with contract, a plaintiff must plead "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006)

(internal quotation marks omitted); *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996).

Encite argues that the complaint is insufficient to state a claim for tortious interference with contract because Franklin fails to allege facts supporting the requirement that Encite acted "without justification." In response, Franklin initially argues that it need not plead that Encite acted "without justification." This Court disagrees, based on the above-cited cases and this Court own recent decision in *Symquest Group, Inc. v. Canon U.S.A., Inc.*, 186 F. Supp. 3d 257, 266 (E.D.N.Y. 2016). Alternatively, Franklin argues that the complaint satisfies this requirement by, *inter alia*, alleging that Encite knew that Franklin had an ongoing business relationship with All Island, and that Encite made "false and fraudulent representations" for the "specific purpose of . . . wrongfully and maliciously inducing" All Island to breach its contract with Franklin. Complaint ¶¶ 27-30. The Court agrees. Indeed, a well-recognized definition of "malice" is "[t]he intent, *without justification* or excuse, to commit a wrongful act." Malice, *Black's Law Dictionary* 1100(10th ed. 2014). The Court finds that the complaint sufficiently alleges Encite's tortious interference with contract.

2. Breach of Contract Claims

To state a claim under New York law for breach of contract, a plaintiff must plead "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *First Investors Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998) (quoting *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994)); *Symquest Group, Inc.*, 186 F. Supp. 3d at 263.

a. Breach of the NDA

Encite argues that Franklin fails to plead a cognizable breach of the NDA. In this respect, Encite maintains that paragraph 3 of the NDA protects the "other Party's" confidential information, and that it does not prohibit Encite from disclosing its own confidential information to third parties. Memorandum of Law in Support of Motion to Dismiss, Exh. A ("Each Party shall at all times maintain and keep the confidentiality of the other Party's Proprietary Information and shall not copy, publish or disclose any Proprietary Information to any third party . . . ."). Although the NDA was not attached to the complaint, the Court may consider it in determining the sufficiency of the complaint, as it was referenced therein and obviously relied on by Franklin in commencing this action, *see* Complaint ¶ 7. Franklin argues that it sufficiently alleges that Encite breached the NDA by its wrongful disclosures to All Island of *Franklin's* confidential information as to markups and invoices. Complaint ¶ 35 (emphasis added). Upon consideration, the Court cannot say as a matter of law that the alleged disclosures were not disclosures of Franklin's confidential information within the meaning of, and subject to, the NDA. Thus, the Court finds that the complaint sufficiently alleges Encite's breach of the NDA.

b. Breach of the Reseller Agreement

Encite argues that Franklin fails to plead facts supporting a plausible claim for breach of a "Reseller Agreement." Encite argues, *inter alia*, that Franklin does not sufficiently identify the "Reseller Agreement" or the specific terms alleged to have been breached. In response, Franklin argues that it sufficiently alleges that Encite breached the Reseller Agreement. As noted, Franklin alleges, *inter alia*, (1) that "one or more written documents . . . and/or email communications and/or other written correspondence between Encite and Franklin" constituted the "Reseller Agreement," permitting Franklin to sell software with prices and markups set by

Encite, *id.* ¶ 5; (2) that pursuant thereto, the parties agreed that the existence and amount of markups were confidential and considered trade secrets of both parties, and were to remain confidential as to third parties, *id.* ¶ 7; and (3) that Encite breached the Reseller Agreement by its wrongful disclosures to All Island of *Franklin's* confidential information as to markups and invoices – the same conduct constituting breach of the NDA, *id.* ¶¶ 35, 38. Upon consideration, the Court finds that Franklin sufficiently pleads Encite's breach of the "Reseller Agreement."[1]

III. <u>CONCLUSION</u>

For the above reasons, defendant's motion to dismiss is denied. The parties are directed to schedule a pretrial conference with the magistrate judge, who shall issue a scheduling order with discovery to be completed by August 31, 2017.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
February 22, 2017

---

[1]The Court declines to consider matters outside the pleadings submitted by Franklin, including the Affidavit of Shayan Zahidi in Opposition to Motion to Dismiss.